IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHARON A. PALELEI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13-cv-00223-DW |
| | ) |
| MUSICIAN'S FRIEND, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF**
**DEFENDANTS' SECOND PARTIAL MOTION TO DISMISS**

Plaintiff's Opposition to Defendants' Second Partial Motion to Dismiss leaves a single legal issue for the Court: Whether Plaintiff's assertion of a disability based termination claim in her administrative charge exhausted her claim – asserted for the first time in her Complaint – for failure to accommodate based on disability. It does not.

Plaintiff's Opposition clarified the claims she seeks to assert and made several concessions. She conceded that the only gender claim before the Court is discriminatory termination.[1] (Opposition, Dkt. 23 at 2-3, Section II.B) She next conceded that the single claim asserted in Count III is for retaliatory termination. (*Id*. at 3-4, Section II.C) She also conceded that Bryan Huffman is improperly named as a defendant, and all claims against him should be dismissed. (*Id*. at 10, Section II.E)

What remains at issue and requires the Court's attention is Count II. Plaintiff explained that Count II asserted only claims for discriminatory termination based on disability and for

---

[1] While Plaintiff asserts the concession as an argument that Defendants' Motion was unnecessary, the ambiguity of her Amended Complaint (as outlined in Defendant's Motion) rendered the Motion necessary to define what is before the Court. (Memorandum, Dkt. 18 at 3, Section III.A) Plaintiff's Opposition fails to explain how Defendants or the Court were to know which allegations she intended to assert independent claims and which she did not.

failure to accommodate based on disability. Her accommodation claim, however, was not asserted in her administrative charge and, accordingly, is barred for failure to exhaust. Plaintiff, however, argued otherwise. She first argued that her accommodation and termination claims are factually "inextricably intertwined." She then argued that her accommodation claim meets the "like or reasonably related to" exception to exhaustion in that it is "like or reasonably related to" her termination claim and, therefore, was exhausted by virtue of exhaustion of her termination claim. Lastly, she argued that her attorney's demand letter exhausted the accommodation claim. Defendants demonstrate herein that each of Plaintiff's arguments lacks merit.

# TABLE OF CONTENTS

        **Page**

A.     The Amended Complaint Demonstrates That Plaintiff's Accommodation and Termination Claims Are Not Factually "Inextricably Intertwined." ...................................1

B.     The "Like Or Reasonably Related" Exception To Exhaustion Appears To Have Been Abrogated In The Eighth Circuit By *Richter*, Which Is Persuasive In Missouri State Court. ...................................3

C.     Plaintiff's Accommodation Claim Is Not "Like Or Reasonably Related To" Her Termination Claim. ...................................4

D.     An Attorney's Demand Letter Is Not An Exception To Exhaustion. ...................................7

Conclusion ...................................9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alhalabi v. Missouri Dept. of Natural Resources*,
  300 S.W.3d 518 (Mo. Ct. App. 2009) ................................................................................ 8, 9

*Annett v. Univ. of Kan.*,
  371 F.3d 1233 (10th Cir. 2004) ............................................................................................ 3

*Butler v. Greif, Inc.*,
  325 Fed. App'x 748 (11th Cir. 2009)) .................................................................................. 9

*Davenport v. Asbury, Inc.*,
  No. 3:12-CV-445, 2013 U.S. Dist. LEXIS 45438, at *15 (E.D. Tenn., Mar. 29, 2013) .......... 9

*Davis v. American Drug Stores, Inc.*,
  No. 1:01-cv-03704, 2003 WL 21149063, at *3 (N.D. Ill. May 19, 2003) ........................... 5, 6

*Dunlap v. Kan. Dep't of Health and Env't*,
  127 Fed. Appx. 433 (10th Cir. 2005) .................................................................................... 3

*Green v. Nat'l Steel Corp.*,
  197 F.3d 894 (7th Cir. 1999) ................................................................................................ 4

*Hammonds v. Union Elec. Co.*,
  No. 4:11-cv-1476, 2011 U.S. Dist. LEXIS 138702, at *5-6 (E.D. Mo. Dec. 2, 2011) ............. 4

*Harris v. Cmty. Res. Counsel*,
  No. 04-2578, 2006 U.S. Dist LEXIS 35146, 2006 WL 1360080 at *19-20 (D. Kan.
  May 16, 2006) ....................................................................................................................... 3

*Jones v. Sumser Retirement Vill.*,
  209 F.3d 851 (6th Cir. 2000) ............................................................................................ 4, 6

*Knutson v. Medtronic, Inc.*,
  05-180, 2006 U.S. Dist. LEXIS 45604, 2006 WL 1851142 *9 (D. Minn. July 3, 2006) ......... 2

*Marshall v. Fed. Express Corp.*,
  130 F.3d 1095 (D.C. Cir. 1997) ............................................................................................ 4

*Martz v. Presbyterian Homes & Servs.*,
  2011 U.S. Dist. LEXIS 78712 (D. Minn. June 22, 2011) ...................................................... 2

*Moore v. Hexacomb Corp.*,
  670 F. Supp. 2d 621 (W.D. Mich. 2009) .............................................................................. 6

*National Railroad Passenger Corp. v. Morgan,*
     536 U.S. 101 (2002) ................................................................................................ 3, 7, 8

*Reed v. McDonald's Corp.,*
     363 S.W. 3d 134 (Mo. Ct. App. 2012) ......................................................................... 3

*Richter v. Advance Auto Parts, Inc.,*
     686 F.3d 847 (8th Cir. 2012) ....................................................................................... 3

*Tisch v. DST Sys., Inc.,*
     368 S.W.3d 245 (Mo. Ct. App. 2012) ....................................................................... 3, 7

*Wamack v. Windsor Park Manor,*
     836 F. Supp. 2d 793 (N.D. Ill. 2011) ........................................................................ 5, 6

**<u>Statutes</u>**

Mo. Rev. Stat. § 213.075.1 ................................................................................................. 9

R.S.Mo. § 213.010 .............................................................................................................. 1

**<u>Rules</u>**

Rule 12(d) ............................................................................................................................ 7

### A. The Amended Complaint Demonstrates That Plaintiff's Accommodation and Termination Claims Are Not Factually "Inextricably Intertwined."

Plaintiff characterized her accommodation and termination claims as "inextricably intertwined" and asserted that Defendants' "decision to discharge [her] was, in effect, a refusal to provide her the accommodation of further time off." (Dkt. 23, Opposition at 6-7) Plaintiff points to Count II, Paragraph 150 of her Amended Complaint, which is a statement of two distinct claims joined by the conjunction "and":[2]

> 150. Defendants *refused to provide reasonable accommodations for the known disability of Palelei*, and terminated Palelei's employment on the basis of her disability in violation of R.S.Mo. § 213.010 *et seq.*

(Dkt. 16, AC ¶ 150 (emphasis added)) While Count II does not describe the factual allegations supporting the conclusions asserted, paragraphs 116-129 of the Amended Complaint do. Those allegations also demonstrate that Plaintiff is pleading two factually distinct incidents of alleged discrimination. Plaintiff specifically alleged the following facts that are accepted as true for purposes of this Motion:

- On August 31, 2011, Defendant Willey called Plaintiff and requested the current status of her medical condition and return to work. (Dkt. 16, AC ¶¶ 116-117)

- On the August 31, 2011 call, Plaintiff told Defendant Willey that "she just left her physician's office, and that she was authorized to return to her regular duties on September 12, 2011." (Id. at ¶ 120)

- On the August 31, 2011 call, Defendant Willey told Plaintiff that her requested return date was "unacceptable," and that if Plaintiff did not show up for work the next day, Defendant would take it as a "voluntary resignation from employment." (Id. at ¶¶ 121, 123)

- Plaintiff did not return to work the next day, and she was not terminated. (Id. at ¶¶ 124-126)

---

[2] Notably, this Paragraph is not unlike Paragraphs 137, 149, and 159, which Plaintiff claims were not intended to assert independent claims. Yet, it remains unclear how either Defendants or the Court were to determine which paragraphs were intended to assert a claim and which were not.

- Plaintiff was not terminated until September 8, 2011. (Id. at ¶¶ 124-127)
- Defendant MFI informed Plaintiff that she was terminated as related to her September 6, 2011 absence, not for a September 1, 2011 absence. (Id. at ¶ 129)

In sum, Plaintiff alleged that she was notified her request for accommodation had been denied on August 31, 2011, but that she was not terminated until a full week later on September 8, 2011. Thus, these claims are not factually "intertwined" – Plaintiff does not allege the adverse decisions were made or effectuated on the same date.

Furthermore, no allegation in the Charge would even remotely suggest her termination claim involved a need for accommodation, a request for accommodation, a denial of accommodation, or was related in any way to an accommodation. In fact, her Charge identifies a disability as an alternative basis for her termination – not even as a definite basis, and no medical condition is identified in the Charge:

> I contend that I was discriminated against by my former employer, the Musician's Friend, Inc., and my supervisors, Mr. Bryan Huffman, and Mr. Anthony Richardson, based on my gender **and/or disability**. The most recent act of discrimination and retaliation occurred on September 8, 2011, when I was terminated from employment.

(Dkt. 18-1 at 2 (emphasis added))  Plaintiff's newfound accommodation claim factually is distinct from her termination claim and concerns a medical condition that is not identified in her Charge, a request for accommodation that is not alleged in her Charge, absences that are not alleged in her Charge and a refusal to grant accommodation that is not alleged in her Charge. Importantly, the Charge does not even implicate an accommodation claim, which requires a different liability analysis from a disparate treatment claim. *Martz v. Presbyterian Homes & Servs.,* 2011 U.S. Dist. LEXIS 78712, 21-23 (D. Minn. June 22, 2011) (recommending dismissal of unexhausted accommodation claim where only termination was asserted in the administrative charge) (*citing Knutson v. Medtronic, Inc.,* 05-180, 2006 U.S. Dist. LEXIS 45604, 2006 WL

1851142 *9 (D. Minn. July 3, 2006). Plaintiff's accommodation claim is not "inexplicably intertwined" with Plaintiff's termination claim; rather, each claim is separate and distinct.

B. **The "Like Or Reasonably Related" Exception To Exhaustion Appears To Have Been Abrogated In The Eighth Circuit By *Richter*, Which Is Persuasive In Missouri State Court.**[3]

Defendants' Memorandum explained that an unexhausted claim is not viable in the Eighth Circuit based on the holdings of *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002) (each discrete incident of discrimination must be exhausted), *Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 851 (8th Cir. 2012), *cert. dismissed,* 133 S. Ct. 1491 (2013) ("[e]ach discrete act [of discrimination] is a different unlawful employment practice for which a separate charge is required"), and *Reed v. McDonald's Corp.,* 363 S.W. 3d 134, 143 (Mo. Ct. App. 2012) ("[i]n order to exhaust all administrative remedies, the claimant must give notice of all claims in the administrative complaint").[4] The Missouri Court of Appeals held accordingly in *Tisch v. DST Systems, Inc.,* 368 S.W.3d 245, 253-55 (Mo. Ct. App. 2012). These cases independently and collectively hold that an unexhausted claim, such as Plaintiff's accommodation claim, is not viable.[5] Plaintiff's Opposition, however, neither acknowledged, distinguished, nor otherwise addressed the cases relied upon by Defendants. Instead, Plaintiff –

---

[3] *See* Dkt. 18, fn. 3; *see also, Tisch v. DST Sys., Inc.,* 368 S.W.3d 245, 253-55 (Mo. Ct. App. 2012).

[4] Notably, Plaintiff relies on *Reed* to provide the exhaustion standard. *Reed* supports Defendants' position that Plaintiff failed to exhaust her accommodation claim. Reed filed charges with the MCHR that focused on sexual harassment by her supervisor and then in court claimed constructive discharge. The court found that Reed had "failed to exhaust her administrative remedies when she failed to include any facts [in her charge] reasonably related to a claim of constructive discharge." 363 S.W.3d at 144. She, accordingly, was barred from pursuing a claim for constructive discharge in court.

[5] The Tenth Circuit expressly has held that the "like or reasonably related to" standard is inconsistent with the requirement that all discrete acts of employment discrimination be exhausted, and the "like or reasonably related to" exception to exhaustion no longer applies in the Tenth Circuit. *Annett v. Univ. of Kan.,* 371 F.3d 1233, 1238 (10th Cir. 2004); *Dunlap v. Kan. Dep't of Health and Env't,* 127 Fed. Appx. 433, 438 (10th Cir. 2005); *Harris v. Cmty. Res. Counsel*, No. 04-2578, 2006 U.S. Dist LEXIS 35146, 2006 WL 1360080 at *19-20 (D. Kan. May 16, 2006).

without explanation – relied on the "like or reasonably related to" exception to the exhaustion requirement.

**C.      Plaintiff's Accommodation Claim Is Not "Like Or Reasonably Related To" Her Termination Claim.**

Even if the "like or reasonably related to" exception remains viable, Plaintiff's accommodation claim is not within that exception. While the Eighth Circuit has not addressed whether a disability termination claim administratively exhausts a disability accommodation claim, the Sixth, Seventh and D.C. Circuits have held that an accommodation claim is separate and distinct from a disparate treatment claim based on disability. *Jones v. Sumser Retirement Vill.,* 209 F.3d 851, 853 (6th Cir. 2000) (accommodation and termination); *Green v. Nat'l Steel Corp.,* 197 F.3d 894, 898 (7th Cir. 1999) (accommodation and termination); *Marshall v. Fed. Express Corp.,* 130 F.3d 1095, 1098 (D.C. Cir. 1997) (accommodation and failure to promote). The Eastern District of Missouri considered exhaustion of an accommodation claim in *Hammonds v. Union Elec. Co.*, No. 4:11-cv-1476, 2011 U.S. Dist. LEXIS 138702, at *5-6 (E.D. Mo. Dec. 2, 2011), and held that the plaintiff had not preserved an accommodation claim where his administrative charge did not allege a failure to accommodate, but rather (like Plaintiff here) merely checked the disability box on his charge and stated that he was discriminated against due to his disability. Plaintiff did not acknowledge, must less distinguish, these holdings.

Plaintiff did not direct the Court to any Supreme Court authority, circuit court case, district court case within the Eighth Circuit, or Missouri state court case that found an accommodation claim "like or reasonably related to" a termination claim. Instead, Plaintiff relied on three district court cases from outside the Eighth Circuit to support her argument. Each is distinguished below:

First, she relied on *Davis v. American Drug Stores, Inc.*, No. 1:01-cv-03704, 2003 WL 21149063, at *3 (N.D. Ill. May 19, 2003). Her reliance is misplaced. Unlike Plaintiff's generic charge, the *Davis* charge was specific and asserted facts supportive of an accommodation claim: the administrative charge asserted disability as the sole basis of discrimination, specifically identified asthma as her disability and alleged that she had an asthma attack at work, that she had been hospitalized, that she was in a coma for a period, and that the employer terminated her before she was able to return to work.[6] The court found *Davis'* accommodation claim was a "mirror image" of her discharge claim. Unlike in *Davis*, here, Plaintiff's generic charge is not at all like her 172-paragraph Amended Complaint. Her Charge did not identify either a medical condition, absences due to a medical condition, a needed accommodation, or a request for or denial of accommodation. *Davis*, accordingly, is not analogous to the facts before the Court and does not support Plaintiff's argument.

Next, Plaintiff relied on *Wamack v. Windsor Park Manor,* 836 F. Supp. 2d 793 (N.D. Ill. 2011), which relied exclusively on *Davis.* In *Wamack*, the plaintiff alleged in court that his employer had "terminat[ed] him without taking his requests for accommodation into account," and the court found that the investigation of his charge would likely lead to investigation of the failure to accommodate claim. *Id.* at 799. His charge alleged,

> I began my employment with Respondent in 1992. My most recent position was Maintenance Technician. During my employment, I took a leave of absence

---

[6] Davis' administrative charge states (Case no. 1:01-cv-03704, Doc #1, p. 7):
    I. I was hired by Respondent on February 9, 1999 and my position was Clerk III. I had an asthma attack after work hours on June 5, 1999. My mother maintained contact with my Supervisor while I was hospitalized during my coma. After I regained consciousness I gave Respondent doctor's notices of my return to work date. I informed Respondent of my return date in July 1999, however, I was discharged.
    II. I was told that I was terminated on June 5, 1999.
    III. I believe I was discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended, in that I was discharged.

related to my medical condition. Respondent refused to rehire me upon completion of leave. I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

*Wamack,* accordingly, is like *Davis* and readily distinguished from this matter where Plaintiff's Charge simply, generically asserted a termination claim with no reference to medical conditions, absences, a need for leave or a request for or denial of leave.

Lastly, Plaintiff relied on *Moore v. Hexacomb Corp.*, 670 F. Supp. 2d 621, 625 (W.D. Mich. 2009), which also is unlike this matter. In *Moore,* the plaintiff's administrative charge asserted an accommodation claim, not a termination claim – so it is the opposite issue being addressed, i.e., whether exhaustion of an accommodation claim "relates to" a termination claim. *Moore* also is distinguished because (a) the employee alleged <u>permanent restrictions</u> while Plaintiff claims she could have returned to work within two weeks and (b) the employee was told to go home while Plaintiff was told to return to work. *See supra* at 3 (bullets). The court concluded that because of the permanent nature of the plaintiff's restrictions, the plaintiff's failure to accommodate and the termination "effectively occurred" on the same date, i.e., the date he was told to go home because he had <u>permanent restrictions</u>. *Moore* acknowledged and distinguished the Sixth Circuit's holding in *Jones,* 209 F.3d 851, 853 (6th Cir. 2000) (rejecting argument that accommodation claim was "like or reasonably related to" termination claim) where the failure to accommodate and termination occurred on different dates – like Plaintiff's inarguably did.[7] *See supra* at 3 (bullets). *Moore,* accordingly, does not support Plaintiff's argument because Plaintiff's claims did not "effectively" or otherwise occur on the same date. Each is a separate, discrete, alleged incident of discrimination.

---

[7] *Moore* had not been terminated until *after he had received his right to sue*. Thus, Moore's inclusion of a termination claim in his charge would have been premature. Here, Plaintiff filed her charge four months after her termination and necessarily was aware of and could have asserted her accommodation claim in the original Charge if she wished to pursue it.

In sum, Plaintiff failed to address the cases relied upon by Defendants, and the cases she relied on do not support her claims. Defendants believe *Morgan* and its prodigy, including *Tisch,* 368 S.W.3d at 253-55, abrogate the "like or reasonably related to" exception, which alone bars Plaintiff's accommodation claim. However, even if the Court finds otherwise or does not reach that argument, the "like or reasonably related to" exception does not apply to the facts before the Court. Plaintiff's Charge merely generically, conclusorily, alternatively asserted a termination claim based on disability, and her Amended Complaint demonstrates that the adverse accommodation and termination decisions occurred on separate and distinct dates and those claims involve separate and distinct facts.

D.  **An Attorney's Demand Letter Is Not An Exception To Exhaustion.**

Plaintiff's final argument lacks a basis in the law. Plaintiff argued that a demand letter ("Demand") from her counsel to Defendants provided sufficient notice to satisfy administrative exhaustion. Plaintiff asserted an unavailing argument that the Demand met the purposes of the MHRA by providing Defendant notice of a potential accommodation claim. (Dkt. 23, Opposition at 8-9) Her argument renders the administrative process unnecessary, is contrary to case law and the MHRA, and should be rejected outright.

The Court should exclude the Demand pursuant to Rule 12(d). (Dkt. 23-1) Defendants' Motion solely concerns administrative exhaustion. The Demand is not encompassed in the pleadings and is extraneous to the administrative process and, thus, was improperly submitted with Plaintiff's Opposition. Plaintiff does not claim she submitted it to the MHRC or EEOC or that it was otherwise part of the administrative process; it was not. Plaintiff also does not explain her extensive redaction of the Demand. (Dkt. 23-1, p. 8-9) The Demand was not submitted to Defendants during Plaintiff's employment, but rather is dated January 4, 2012, four months after

Plaintiff's September 8, 2011 termination. The Demand offers nothing to assist the Court in its analysis.

In her argument otherwise, Plaintiff relied on dicta in *Alhalabi v. Missouri Dept. of Natural Resources*, 300 S.W.3d 518, 526 (Mo. Ct. App. 2009), and argued that any deficiency in her Charge was remedied by her Demand. Plaintiff claimed that *Alhalabi* held that because the plaintiff had filed an internal complaint with his employer describing the alleged discrimination in greater depth than in his administrative charge, any failure by Alhalabi to exhaust his administrative remedies did not deprive his employer of notice of his claims. (Dkt. 23, Opposition, p. 8-10) This misstates the holding of *Alhalabi*. The court first found that "Alhalabi's Charge of Discrimination adequately allege[d] a claim for hostile work environment." 300 S.W.3d at 526. The court quoted the lengthy, detailed charge, and emphasized that the charge alleged – not discrete acts of discrimination (as in this matter) – but rather a continuing violation, and "repeatedly allude[d] to 'previous complaints.'" 300 S.W.3d at 525-26. Then, the court continued on to state in dicta that even if Alhalabi failed to exhaust his administrative remedies, such failure did not deprive defendant of notice because an internal complaint Alhalabi had filed with his employer described the alleged pervasive discrimination. *Id*.

The court's analysis highlights how *Alhalabi* readily is distinguished from Plaintiff's claims. *Alhalabi* concerned a "continuing violation" rather than discrete incidents of discrimination – as placed at issue in Plaintiff's Amended Complaint. *Morgan* explained the significant difference in analysis of exhaustion of a continuing violation (or harassment claim) as compared to exhaustion of discrete incidents of discrimination. 536 U.S. at 113. Each discrete incident of discrimination must be exhausted while the law does not require each evidentiary

event supporting a harassment claim to be exhausted. Thus, even if the dicta in *Alhalabi* were controlling, the facts are very different than those before the Court.

Furthermore and perhaps more fundamentally, the MHRA requires charges to be verified. *See* Mo. Rev. Stat. § 213.075.1. The Demand was not verified by Plaintiff, and courts have rejected factual recitations provided by counsel in the administrative process, and Plaintiff does not even claim to have submitted the Demand to EEOC or the MHRC. Nonetheless, although "an attorney may file an EEOC charge on behalf of a client, the attorney's signature alone will not constitute verification if the attorney does not personally swear to the truth of the facts stated in the charge and does not have personal knowledge of those facts." *Davenport v. Asbury, Inc.*, No. 3:12-CV-445, 2013 U.S. Dist. LEXIS 45438, at *15 (E.D. Tenn., Mar. 29, 2013) (citing *Butler v. Greif, Inc.,* 325 Fed. App'x 748, 749 (11th Cir. 2009)). Neither Plaintiff nor her attorney personally swore to the truth of the facts contained in the letter, and thus, it is insufficient to exhaust any administrative remedies. *See id.*

Lastly, the inclusion of the Demand further demonstrates that Plaintiff knew of a potential accommodation claim and elected not to assert an accommodation claim in her administrative Charge. The Demand reflects a date of January 4, 2012. (*See* Dkt. 23-1) Her Charge of January 6, 2012 post-dates the Demand. Prior to filing her Charge, Plaintiff's counsel had conducted sufficient investigation to prepare the six-page Demand to Defendant MFI. (Id.) It appears Plaintiff deliberately elected not to assert an accommodation claim in the Charge, and now has reconsidered that decision. The law, however, does not permit Plaintiff to pursue a failure to accommodate claim at this late date.

## Conclusion

For the aforementioned reasons, Defendants Musician's Friend, Inc., Bryan Huffman and Pamela J. Willey respectfully request that Plaintiff's claims under the MHRA, other than for

discriminatory termination based on gender, for discriminatory termination based on disability and for retaliatory termination under the MHRA, be dismissed with prejudice and that Defendant Bryan Huffman be dismissed for failure to state a claim upon which relief may be granted, and for any other relief the Court deems proper.

>Respectfully submitted,
>
>**BRYAN CAVE LLP**
>
>By: /s/ Karen K. Cain
>Karen K. Cain    MO #47420
>Ashley N. Gillard    MO #62908
>1200 Main Street, Suite 3500
>Kansas City, MO 64105
>(816) 374-3200 (Telephone)
>(816) 374-3300 (Facsimile)
>karen.cain@bryancave.com
>ashley.gillard@bryancave.com
>
>ATTORNEYS FOR DEFENDANTS
>MUSICIAN'S FRIEND, INC., BRYAN
>HUFFMAN, AND PAMELA J. WILLEY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of May, 2013, the foregoing document was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>/s/ Karen K. Cain
>Attorney for Defendants Musician's Friend, Inc., Bryan Huffman, and Pamela J. Willey